NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 22a0250n.06

No. 20-4300

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 21, 2022
DEBORAH S. HUNT, Clerk

|  |  |
|---|---|
| MONCLOVA CHRISTIAN ACADEMY, et al., ) | |
| ) | |
| Plaintiffs-Appellants, ) | ON APPEAL FROM THE |
| ) | UNITED STATES |
| v. ) | DISTRICT COURT FOR |
| ) | THE NORTHERN |
| TOLEDO-LUCAS COUNTY HEALTH DEPARTMENT, ) | DISTRICT OF OHIO |
| ) | |
| Defendant-Appellee. ) | |
| ) | OPINION |
| ) | |

Before: CLAY, ROGERS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. We have already decided all there is to decide in this appeal. The plaintiffs are nine Christian schools that claim the Toledo-Lucas County Health Department violated their Free Exercise rights when the Department ordered closed all county schools—public, private, charter, and parochial—for grades 7 to 12, from December 4, 2020 at 4:00 p.m. until January 11, 2021 at 8:00 a.m. (including a 2-week break for the holidays). We enjoined that order on December 31, 2020, and the order expired by its terms on January 11, 2021. *See Monclova Christian Acad. v. Toledo-Lucas Cnty. Health Dep't*, 984 F.3d 477 (6th Cir. 2020). The Department now asks us to dismiss this appeal as moot and also to vacate our earlier order.

The procedural posture here is worth sorting out. In brief, the plaintiffs moved in the district court for a preliminary injunction against enforcement of the Department's "Resolution No. 2020.11.189" (the "closure order"), enacted pursuant to a since-amended regulation, Ohio

Rev. Code § 3707.26, which had closed all schools, grades 7 and up, for a 5-week period in December 2020. The district court denied that motion; the plaintiffs appealed the denial and separately moved in our court for a preliminary injunction during the pendency of their appeal (of the district court's denial of the same relief). We granted that motion. Thus, as matters stand now, we have already granted the plaintiffs a preliminary injunction against enforcement of the closure order "during the pendency of this appeal[.]" *Id*. at 482. Even nominally, the only relief left for us to provide them would be to extend the term of that injunction to run during the pendency of any remaining litigation in the *district court*.

Whether this appeal is moot depends on whether injunctive relief in that narrow window would have any concrete effect on the parties' rights. The "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (internal quotation marks omitted). "Thus, when a case at first presents a question concretely affecting the rights of the parties, but—as a result of events during the pendency of the litigation—the court's decision would lack any practical effect, the case is moot." *Ohio v. EPA*, 969 F.3d 306, 308 (6th Cir. 2020).

The relevant intervening event here is that the closure order expired by its terms almost 17 months ago, in January 2021. Hence the relief that the plaintiffs seek in this appeal would have no practical effect. Nor does any exception to the mootness doctrine apply here: the order's expiration had nothing to do with this lawsuit; "the relevant circumstances have changed dramatically since" the Department issued the closure order; and "any future [closure] order likely would not present substantially the same legal controversy as the one originally presented here[,]" given all the relevant decisions by the Supreme Court and our court since then. *Resurrection School v. Hertel*, 35 F.4th 524, 529 (6th Cir. 2022) (en banc). This appeal is moot.

The Department separately requests that we vacate our earlier opinion granting the plaintiffs a preliminary injunction during the pendency of this appeal. Vacatur is an "extraordinary remedy" for which the movant bears the "burden" of showing "entitlement." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994). The Department asserts we should vacate our earlier opinion because, in its view, it was "frustrated by the vagaries of circumstance" from appealing it. But this is an appeal of the district court's order *denying* a preliminary injunction, not of our earlier opinion granting one. That distinguishes this case from *Cnty. of Butler v. Gov. of Penn.*, 8 F.4th 226 (3d Cir. 2021), in which (unlike here) the party seeking vacatur was the party that brought the later-mooted appeal. Thus, if anyone could seek vacatur here, it is the plaintiffs of the district court's order. The Department is not entitled to vacatur here.

We dismiss this appeal as moot and deny the Department's motion for vacatur.